UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Fuhrman, Civ. File No. 01-1732 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

DecisionOne Corporation,

Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Motion is granted.[1]

**BACKGROUND**

On September 30, 1999, defendant DecisionOne Corporation ("DecisionOne") notified plaintiff Steven Furhman ("Fuhrman") that it was eliminating his position as a computer service field technician as the result of a Reduction In Force ("RIF"). Fuhrman subsequently brought this suit under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654. Although the Complaint does not clearly specify a particular cause of action, Defendant characterizes Fuhrman's only claim as alleging termination in retaliation for Fuhrman's intent or attempt to take FMLA leave. Both the Complaint and opposition memorandum hint at other, non-FMLA claims, such as age discrimination.

[1]Defendant has also moved to strike the affidavit of Steven Fuhrman. The Court did not rely on the affidavit in reaching its decision on the Motion for Summary Judgment, and the Motion is denied.

JUL 30 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUL 30 2002
DEPUTY CLERK

However, the Complaint recites only the FMLA as a basis for this Court's jurisdiction and Fuhrman's opposition papers do not take issue with DecisionOne's characterization of his claim as one of FMLA retaliation.

In January 1999, Fuhrman's wife was diagnosed with terminal lung cancer. Fuhrman discussed with his supervisors his need to assist his wife with medical appointments. His supervisors were cooperative in allowing him to take informal time off to care for his wife.

Fuhrman claims that shortly before his termination he talked to his supervisor about taking FMLA leave. (Fuhrman Dep. at 69-70.) At approximately the same time, DecisionOne initiated the RIF. Fuhrman's supervisor selected him from a group of six technicians for termination. The stated bases for the decision were that Fuhrman's performance numbers were the lowest of the group and his skill set was least vital in meeting current customer needs.

## DISCUSSION

### A. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut,

but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B. McDonnell Douglas Burden-Shifting Analysis**

The parties agree that the Court must use the McDonnell Douglas three-part burden-shifting analysis to evaluate Fuhrman's indirect evidence of FMLA discrimination. See Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 314 (6th Cir. 2001); Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 161 (1st Cir. 1998); Morgan v. Hilti, Inc., 108 F. 3d 1319, 1325 (10th Cir. 1997). There is little dispute that Fuhrman has presented a prima facie case of discrimination under the FMLA. Because the termination was pursuant to a RIF, DecisionOne has articulated a nondiscriminatory basis for Fuhrman's termination. The resolution of this Motion thus turns on whether Fuhrman has met his burden to show that the articulated reason is in fact a pretext for discrimination. McDonnell Douglas v. Green, 411 U.S. 793, 802 (1973).

**C. Pretext**

Fuhrman's only argument that Defendant's RIF-related reason for his termination was pretext is the temporal proximity of the firing to the alleged FMLA request. He notes that at least one court has commented that temporal proximity "may" support an inference of pretext. Hodgens, 144 F.3d at 166. He argues that Hodgens stands for the proposition that mere temporal proximity is sufficient to meet the employee's burden to show pretext. Nevertheless, the court in Hodgens made clear that temporal proximity alone "is not necessarily conclusive." Id. at 170. Likewise, the Sixth Circuit has concluded that "temporal proximity is insufficient in and of itself to establish that the employer's nondiscriminatory reason for discharging an employee was in fact pretextual." Skrjanc, 272 F.3d at 317. Fuhrman cites no other precedent and offers no evidence to demonstrate how a reasonable jury might conclude that DecisionOne's proffered reasons were pretext.

Fuhrman hints that the informal leave he took prior to attempting to initiate FMLA leave artificially depressed his productivity numbers and unfairly made him a target for termination. His supervisor averred that in making the productivity calculations, he "did not include the time when technicians were absent from work, as reflected in DecisionOne's records. Therefore, Fuhrman's productivity score was not affected by his recorded absences from work." (Maki Aff. ¶ 9.) Fuhrman's affidavit contends that his productivity numbers were low because even though he recorded the same number of hours worked (as per the informal leave arrangement), he did not "open up calls" like other technicians did when they

were on leave. (Fuhrman Aff. ¶¶ 82-87.) Although this may appear to be a factual dispute precluding summary judgment, Fuhrman nowhere explains how such "artificially depressed" productivity numbers might either violate the FMLA or show pretext.

**CONCLUSION**

The Court finds that DecisionOne has offered a legitimate, nondiscriminatory basis for Fuhrman's termination. Thus, the burden shifts to Fuhrman to show that the proffered reason was a pretext. Fuhrman has failed to meet this burden. DecisionOne is entitled to summary judgment on Fuhrman's Complaint.

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 13) is **GRANTED**; and
2. Defendant's Motion to Strike Steven Fuhrman's Affidavit (Clerk Doc. No. 21) is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 30, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;' or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*